DORMAN (AGNEW v.). See Case No. 100.

---

## Case No. 4,005.
### DORN v. GERMANIA INS. CO.
[4 Am. Law Rec. 445; 5 Ins. Law J. 183; 1 Law & Eq. Rep. 132.]

Circuit Court, N. D. Ohio. · 1875–1876.

FIRE INSURANCE— ALTERATION OF BUILDING WITHOUT INSURER'S ASSENT.

[1. In the absence of any express provisions against alterations without the insurer's assent, an alteration that does not increase the risk does not avoid the policy.]

[2. A policy upon a stone building with a frame addition is not avoided as to the latter by cutting away part thereof next to the stone building, and adding it to the rear of the addition, thus separating the addition from the main building.]

[This was an action by John P. Dorn against the Germania Insurance Company on a policy of fire insurance. Heard on defendant's motion for a new trial.]

WELKER, District Judge. The action was brought upon a policy of insurance issued by defendant upon a stone building with a stone addition on one side, and a frame addition attached to the stone building on the other side. After the insurance, and before the fire, the plaintiff, without the consent of defendants, cut off eighteen feet of the frame addition next to the stone building, and placed the same at the rear end of the frame building addition, thereby detaching the frame addition from the stone building, but leaving the remainder of the frame addition unmoved. In making this alteration it was admitted that the risk of loss by fire was not in any way increased thereby. There was no express provision in the policy against alterations, or requiring assent of the insurer to make improvements upon the property insured. In the fire which occurred, besides damages to the stone building, the frame addition was entirely consumed, the fire having originated somewhere in the stone building. The case was tried to a jury. On the trial the defendants by their counsel claimed that the alterations above stated disconnected the frame addition from the stone building described in the policy; and that being no longer attached thereto it was not covered by the policy, and no recovery could be had for its loss; that such alteration separated the addition from the stone building, and because a separate and distinct building and no part of the main building, and therefore not any longer covered by the policy; and requested the court to so charge the jury, which was refused, and the court did charge in relation thereto: That in the absence of express stipulation in the policy prohibiting repairs and alterations of the premises insured, there was an implied engagement that the assured would not alter the premises or business described in the policy, so as to thereby increase the risk and liability of the insured. The construction and use of the premises, as described in the policy, constituted the basis of the insurance and determined the amount of the premium. Hence no alteration in either must be made by the assured to enhance the liability of the insurer.

The right to repair and alter buildings is incident to ownership, and such repairs and alterations as do not change the risk may be made by the insured, without consent of the insurer, if such assent is not expressly required in the policy. That the alteration or enlargement of a building will not avoid the policy of insurance unless the risk is thereby increased. That if the jury found that the frame addition to the stone building described in the policy was altered without the consent of the defendant, by taking off eighteen feet of the part next adjoining the stone building, and placing the part so taken off to the rear of the addition, leaving a part of the frame addition in its original place, and they were satisfied that such alteration did not increase the risk to the building insured, such alteration did not in law avoid the policy so far as the frame addition is concerned, and the plaintiff would be entitled to recover for its loss.

The jury returned a verdict for the plaintiff, including damages for the loss of the frame addition. The refusal of the court to charge as requested, and the charge as given, are assigned as grounds for a new trial. I have

carefully considered this matter and reviewed the legal questions involved, and am satisfied that in refusing to charge as requested, and in the charge as given to the jury, there was no error, and therefore overrule the motion for a new trial.